UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRANDALL TECHNOLOGIES LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>VUDU, INC.,<br><br>                    Defendant. | Case No. 20-cv-04849-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

  The motion to dismiss for failure to state a claim is granted. Crandall Technologies brings claims for direct and indirect infringement of two patents: the '341 patent, which includes systems and methods claims for technology that essentially allows videos stored on a touchscreen device to be wirelessly transmitted to and played on a separate television, and the '720 patent, which includes claims for software and systems performing similar functions. The accused Vudu products are software applications that allow a user to stream movies rented or purchased from Vudu's online store through a casting device to an external television. Although the similarities between the accused product and Crandall's patents are apparent, Crandall has failed to sufficiently allege facts to support all of the required elements for direct, induced, or contributory infringement.

  The complaint fails to allege a claim for direct infringement. Although Crandall has adequately alleged that the accused Vudu technology is carries out significant portions of Crandall's patented methods and systems, the complaint does not include factual allegations sufficient to find that all steps of any claimed method or system can be attributed to Vudu. *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en

banc). The complaint comes closest to alleging direct infringement when it states that Vudu has used its application with a television and casting device during testing.  But the allegations about testing do not include sufficient detail to assess whether such testing activity likely or necessarily constituted infringement. Nor has Crandall alleged facts that would support a theory of direct infringement by people acting under the direction and control of Vudu, either as agents or because the benefit of Vudu's product is conditioned on completing the patented method. *Id*. at 1023.

Crandall's claims for induced infringement and contributory infringement fail for related reasons. To state a claim for active inducement, a patentee must allege that the accused infringer knew of the patent; that the infringer had specific intent to induce infringement by another; and actual direct infringement by another. *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1926 (2015). At a minimum, the complaint does not allege facts to support an inference of specific intent to induce infringement, so this claim must be dismissed.

Similarly, a claim for contributory inducement requires the patentee to allege that the defendant had knowledge of the patent and that the accused product has no substantial noninfringing use. *Aro Mfg. v. Convertible Top Replacement Co.*, 377 U.S. 476, 485 (1964). Because the complaint fails to allege facts related to question of whether the Vudu products have any substantial noninfringing use, this claim also fails.

Because the claims for induced infringement and contributory infringement both fail for other reasons, there is no need to reach the question of whether filing the complaint itself satisfies the knowledge prong of each claim. The law on whether, absent allegations of pre-suit knowledge, the complaint itself can suffice to show knowledge of the patents remains somewhat confused. *See Everlight Electronics Co., LTD. V. Bridgelux, Inc.*, No. C 17-03363 JSW, 2018 WL 5606487, at *2–3 (N.D. Cal. Sept. 14, 2018). Although at this stage the point is moot, it is clear that, should Crandall choose to file an amended complaint, the allegations contained in the current complaint are sufficient to give Vudu knowledge of the two patents at issue.

Lastly, because Crandall has not sufficiently alleged direct infringement, the claim for

willful infringement must also be dismissed.

For the reasons stated, Crandall's claims are dismissed with leave to amend. Any amended complaint is due 21 days from the filing of this order.

**IT IS SO ORDERED.**

Dated: November 2, 2020

VINCE CHHABRIA
United States District Judge