UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRANDALL TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>VUDU, INC.,<br><br>        Defendant. | Case No. 20-cv-04849-VC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 39 |

    Vudu's motion to dismiss is granted. Claims 4, 6, 10, 13, and 15 of the '341 patent, and claims 1, 2, 8, and 17 of the '720 patent are invalid under 35 U.S.C. § 101. Crandall's claims are dismissed with prejudice.

    1. These claims are directed to the abstract idea of transmitting information, including instructions and other types of data, from one device to another. Although the claim language is broader than the embodiment discussed in the second amended complaint (which focuses on Vudu's allegedly infringing system for selecting a video on one device and playing it on the second device), the concept is demonstrably analogous to delivering user-selected media content from one device onto a second device through a wireless network. *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016).

    Indeed, even accepting Crandall's characterization of the claims, they are abstract. He describes them as directed at (1) remotely launching an application on one device from another, (2) doing so using gestures on a touchscreen, and (3) enabling the choice of the second device based on a display parameter. None of these descriptions constitutes an improvement to the functionality of a computer or network. *Customedia Technologies, LLC v. Dish Network*

*Corporation*, 951 F.3d 1359, 1365 (Fed. Cir. 2020). Rather than solving a technological problem, these claims merely make use of a series of existing solutions (wireless networks, touch screens, and data analysis).

    2. The claims lack an inventive concept that would "transform" the abstract idea into a "patent-eligible application." *Alice Corp. v. CLS Bank International*, 134 S. Ct. 2347, 2357 (2014). Together, they describe an arrangement of generic devices connected through a generic wireless data-sharing network along with software allowing a user to pick content on one device and display it on the second device. These steps make use of technology, but they do not describe improvements to the technology itself. *Affinity Labs*, 838 F.3d at 1271. Crandall's arguments that Claim 4 of the '341 patent innovates by incorporating the use of a display parameter to determine the display capabilities of the second device are unavailing. That claim lacks any limitation requiring improved technology in order to access the display parameter (itself simply a particular kind of data) and so cannot be found to contain an inventive concept. *SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1169–70 (Fed, Cir. 2018).

    3. This determination of patent invalidity under section 101 does not rely on genuinely disputed questions of fact, so resolution at the motion-to-dismiss stage is appropriate. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). Crandall's citations to the specifications do not actually identify any disputed fact that might change the analysis of whether these claims are directed at abstract ideas or include inventive concepts.

    **IT IS SO ORDERED.**

Dated: February 12, 2021

                                             VINCE CHHABRIA
                                             United States District Judge